UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT BOMER,                                )
                                             )
                    Plaintiff,               )      Case No. 5:05-cv-86
                                             )
v.                                           )      Honorable Robert Holmes Bell
                                             )
R. SHARP et al.,                             )
                                             )
                    Defendants.              )
_____)

**OPINION DENYING LEAVE TO
PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Albert Bomer, a prisoner incarcerated at Oaks Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $250.00 civil action filing fee within thirty days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $250.00 filing fee in accordance with *In re Alea*, 286 F3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

Dockets.Justia.com

was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the claims were frivolous or failed to state a claim. *See Bomer v. Hanson*, No. 2:04-cv-176 (W.D. Mich. Nov. 1, 2004); *Bomer v. Lavigne et al.*, No. 1:03-cv-504 (W.D. Mich. August 13, 2003); *Bomer v. LaVigne et al.*, No. 2:03-cv-114 (W.D. Mich. July 14, 2003); *Bomer v. Access Catalog Company et al.*, No. 2:03-cv-22 (W.D. Mich. March 7, 2003); *Bomer v. Bass et al.*, No. 2:03-cv-70687 (E.D. Mich. March 6, 2003). In addition, this Court repeatedly has denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Bomer v. Caruso*, No. 1:05-cv-149 (W.D. Mich. April 18, 2005); *Bomer v. Danley*, No. 2:05-cv-59 (W.D. Mich. April 18, 2005); *Bomer v. Allon et al.*, No. 2:05-cv-34 (W.D. Mich. March 31, 2005); *Bomer v. Bulerski,* No. 5:05-cv-38 (W.D. Mich. Feb. 25, 2005); *Bomer v. Caruso*, No. 1:04-cv-520 (W.D. Mich. Aug. 9, 2004); *Bomer v. Caruso*, No. 1:04-cv-519 (W.D. Mich. Aug. 9, 2004); *Bomer v. Jones*, No. 1:04-cv-244 (W.D. Mich. April 8, 2004); *Bomer v. Caruso*, No. 1:04-cv-144 (W.D. Mich. March 3, 2004); *Bomer v. MDOC Director*, No. 1:03-cv-915 (W.D. Mich. Jan. 20, 2004); *Bomer v. Caruso*, No. 1:04-cv-144 (W.D. Mich. April 8, 2004); *Bomer v. Jones*, No. 1:04-cv-244 (W.D. Mich. May 3, 2004); *Bomer v. Caruso*, No. 1:04-cv-615 (W.D. Mich. Oct. 27, 2004). Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay the entire

civil action filing fee, which is $250.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $250.00 filing fee.

Date:     June 6, 2005                  /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**